UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN ROBERT DEMOS, JR.,<br><br>          Plaintiff,<br><br>   v.<br><br>WASH. STATE DEP'T OF CORR., *et al.*,<br><br>          Defendants. | CASE NO. **2:22-cv-00507-JCC-DWC**<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: May 13, 2022 |

Plaintiff John Demos, Jr., a state prisoner, has filed a motion for leave to proceed *in forma pauperis* ("IFP") and a proposed civil rights complaint. Dkt. 1; Dkt. 1-1. As discussed below, the proposed complaint should be dismissed without prejudice and the IFP motion should be denied as moot.

Plaintiff was convicted in 1978 of attempted rape and first-degree burglary and received an indeterminate sentence of 240 months to life in prison. *See State v. Demos*, 94 Wash. 2d 733, 734 (1980). Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington,

the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993) (per curiam). Bar orders of this Court provide that Plaintiff may submit only three IFP applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992) ["1992 Bar Order"]; *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). The 1992 Bar Order further provides that this Court will not accept for filing a proposed complaint unless it "is accompanied by an affidavit that the claims have not been presented in any other action in any court and that [Plaintiff] can and will produce evidence to support his claims." 1992 Bar Order at 3.

Here, including this case, Plaintiff has filed more than his annual limit of three IFP actions. *See Demos v. Wash. State Dep't of Corr.*, 2:22-cv-00502-LK-JRC (W.D. Wash. 2022); *Demos v. State of Wash. et al.*, 2:22-cv-00489-RSM-BAT (W.D. Wash. 2022); *Demos v. Satterberg*, 2:22-cv-00271-JHC (W.D. Wash. 2022). Furthermore, Plaintiff did not submit the separate affidavit that the 1992 Bar Order requires.

Accordingly, it is **RECOMMENDED** that Plaintiff's proposed complaint (Dkt. 1-1) be **DISMISSED WITHOUT PREJUDCE**, that his IFP motion be **DENIED AS MOOT** (Dkt. 1), and that this case be **CLOSED**.

1  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the Parties shall have **fourteen (14) days** from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **May 13, 2022** as noted in the caption.

Dated this 25th day of April, 2022.

[signature]

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3